IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TVSQUARED LTD.,<br><br>*Defendant.* | No. 6:22-cv-00244-ADA<br><br>JURY TRIAL DEMANDED |

## DISCOVERY ORDER

Plaintiff The Nielsen Company (US), LLC ("Plaintiff" or "Nielsen") and TVSquared LTD. (Defendant" or "TVSquared") raised the following discovery dispute with the Court by email submission on September 13, 2022.

### Issue #1 – Whether the Court should order Nielsen to present witnesses for venue depositions

### Defendant's Position

The Court should order Nielsen to present witnesses for venue depositions relating to TVSquared's pending June 1 motion to transfer this case to the Southern District of New York, which was supported by declarations from a TVSquared witness and a third party witness. After taking ***10 hours*** of deposition of the TVSquared and third party witnesses, Nielsen categorically refuses ***any*** deposition of its own unidentified witnesses. Nielsen first raised this position ***on the evening before*** close of venue discovery, ***following weeks of silence***.

***First,*** Nielsen refuses deposition on any of its declarants, whose identity Nielsen refuses to disclose until the date it files its opposition, which is due September 15—after the close of venue discovery. Ex. 1 (9/1/22 Doyle Correspondence). Nielsen's position that TVSquared complete depositions before September 1 presupposes that TVSquared should have noticed and deposed that

declarant *before* learning who the declarant was or what the declarant included in his or her declaration. Nielsen's argument is illogical, prejudicial, and such a position should not be sanctioned by this Court in the interest of fairness in the venue discovery process.

***Second***, Nielsen's eleventh hour objection, first raised on the eve of close of venue discovery, is untimely. Three weeks earlier, on August 10, TVSquared apprised Nielsen that it intended to take deposition(s) after Nielsen serves its opposition on September 15. Ex. 2 (8/10/22 Frenkel Correspondence). On August 18, TVSquared served by email its 30(b)(6) notice for deposition set to occur on September 22, 2022. Ex. 3 (8/18/22 Patel Correspondence). TVSquared's notice included topics specifically directed to Nielsen's discovery responses, including employee locations. Ex. 4 (8/18/22 TVSquared 30(b)(6) Notice). TVSquared's August 18 email explained TVSquared sought to depose Nielsen's declarant after Nielsen files its opposition brief and declaration on September 15, and requested to depose its 30(b)(6) witness in combination with Nielsen's declarant. Ex. 3.

Nielsen stayed silent for three weeks—while concurrently using up ***all 10 hours*** to take deposition testimony of ***both of TVSquared's declarants***, and nearly all ***26 topics*** noticed under Rule 30(b)(6). Then, on the eve of venue discovery cut-off, at 4:46 pm, Nielsen stated it "will not make its witnesses available" because TVSquared noticed the deposition too late. Ex. 5 (8/31/22 Siegmund Correspondence). Nielsen's calculated delay designed to prejudice TVSquared should not be permitted.

***Third***, Nielsen's complaints of prejudice are belied by its refusal to produce key discovery until venue discovery had nearly closed. On June 23, TVSquared served discovery requesting Nielsen identify employees in this District and the SDNY, as well as their job titles and roles. Following several reminders, on August 24—one week before close of venue discovery—Nielsen

finally produced a compliant response. Ex. 6 (8/24/22 Rao Correspondence). As Nielsen knows, witness convenience is a key argument emphasized in TVSquared's transfer motion, and TVSquared could not meaningfully conduct a deposition on this issue until receiving this key discovery. Thus, Nielsen's own delay required deposition no earlier than the last week of venue discovery. Nielsen cannot now complain it is prejudiced.

**Relief:** Order that Nielsen designate a corporate witness for deposition under Rule 30(b)(6) and compel Nielsen to make available for deposition any declarants Nielsen relies upon in support of its Opposition.

**Alternative Relief:** Order that Nielsen is not permitted to rely on evidence it produced outside the venue discovery period in support of its forthcoming Opposition.

## Plaintiff's Position

TVSquared asks the Court to compel Nielsen to produce an unidentified declarant for a venue deposition more than three weeks beyond the time period allotted by the Court for venue discovery. Because none of the alleged justifications offered by TVSquared support its request, TVSquared's request should be denied.

*First*, TVSquared presupposes that it is entitled to depose any declarant cited in Nielsen's response to TVSquared's Motion. But the right to depose any declarant is not contemplated by the Court's Standing Order. Instead, the Order allots a period of time for venue discovery that expires before the deadline for the non-movant's response. A non-movant is not required to identify a declarant before it drafts its response, nor do the Court's rules contemplate re-opening venue discovery for a deposition after the response is filed. And allowing TVSquared to depose a declarant after Nielsen files it response would be prejudicial to Nielsen since only TVSquared would be able to address the new testimony, subsequently in its reply.

Notably, with the exception of one topic, the 25 topics recited in TVSquared's Rule 30(b)(6) notice are unrelated to and do not depend on the identification of any declarant. Ex. 4 at 6-8. Only Topic 7 generically requests testimony concerning "[t]he Nielsen Declaration(s), including the content provided therein and Nielsen's efforts to investigate and identify such content." Glaringly absent from TVSquared's position is any justification for why TVSquared could not have sought to depose Nielsen regarding the remaining topics during the venue discovery period.

**Second**, TVSquared unjustifiably seeks to blame Nielsen for the impropriety of its deposition notice. TVSquared was on notice of the deadline for venue discovery since at least June 15, 2022. ECF No. 34. TVSquared chose to flout the Court's venue discovery deadline by noticing a deposition for after that deadline. Not only does TVSquared fail to offer any justification for disregarding the Court's schedule, its requested relief is premised on the alleged untimeliness of Nielsen's objection—made during the venue discovery period—to TVSquared's attempted end-run around the venue discovery deadline. Even if Nielsen had made no objection to TVSquared's deposition notice, TVSquared had no grounds on which to notice a deposition for after the deadline.

**Third**, TVSquared complains about the timeliness of discovery produced by Nielsen. Not only does the alleged delay have nothing to do with TVSquared's deposition notice, TVSquared concedes that Nielsen "produced a compliant response" to TVSquared's discovery requests during venue discovery—most of which was produced well prior to the end of the discovery period—and TVSquared had at least a week in which to take a deposition of Nielsen concerning that discovery. TVSquared chose not to do so and has only itself to blame.

Had TVSquared noticed the deposition for a time within the clearly defined time period for venue discovery, Nielsen would have provided a corporate witness for deposition. But TVSquared

failed to do so, and now faults Nielsen for not providing a witness *past* the venue discovery deadline. TVSquared's requested relief should be denied.

**Relief**: Deny TVSquared's improper deposition request set for after the close of venue discovery and after the date of Nielsen's reply brief as untimely and improper.

## ORDER

On September 14, 2022, the Court held a video conference to resolve the parties' disputes regarding Defendant's position. Having considered the parties' submissions and oral arguments, the Court **DENIES** Defendant's requested relief.

Nielsen did not violate any of the Court's rules, so the Court sees no reason to penalize Nielsen. TVSquared had the ability to issue a deposition notice and interrogatories on any and all topics it needed during the venue discovery period. Had TVSquared noticed a venue deposition during that time frame, Nielsen would have been obligated to present a venue witness. Nielsen would then be expected to file its opposition brief consistent with the testimony of its venue witness. If TVSquared diligently conducted a deposition on the appropriate venue topics during the discovery period, only to be surprised by a contradictory declaration filed with Nielsen's opposition brief, then TVSquared might have better grounds to seek relief.

SIGNED this 20th day of September, 2022.

ALAN D ALBRIGHT
U.S. DISTRICT JUDGE